**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**MARCUS "MARK" PALMER, #209502,**   :

    **Plaintiff,**                  :

**vs.**                             :   **CIVIL ACTION 14-00149-KD-B**

**OFFICER BREWER, *et al.*,**        :

    **Defendants.**                 :

### REPORT AND RECOMMENDATION

Plaintiff Marcus "Mark" Palmer, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon review of Plaintiff's complaint, it is recommended that Defendant Ammons be dismissed with prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because Plaintiff's claims against him are either frivolous or fail to state a claim upon which relief can be granted.

**I.  Complaint. (Doc. 1).**

In his complaint, Plaintiff names as Defendants Officer Brewer, Officer Lindsey, and Sergeant Ammons.  (Doc. 1 at 9). Plaintiff's allegations against them are as follows.

On or about February 7, 2014, Defendant Brewer was

overseeing showers for the segregation inmates at Holman Correctional Facility. When he reached Plaintiff's cell, he handcuffed Plaintiff, and escorted Plaintiff to the shower area. (Id. at 3). Defendant Lindsey placed Plaintiff in a shower and removed his handcuffs. When Plaintiff finished showering, Defendant Lindsey handcuffed Plaintiff with his wrists behind his back. (Id.). When Plaintiff neared his cell, Defendant Brewer directed the cube officer to open Plaintiff's cell door. (Id.). When Plaintiff "was going in[to his] cell, [Defendant] Brewer intentionally pushed the door closed before [Plaintiff] was in the cell, and the door rammed hard against [his] shoulder[.]" (Id.). Plaintiff screamed and asked Defendant Brewer why he did that. (Id.). Defendant Brewer laughed and told Plaintiff to put his hands through the tray slot so the handcuffs could be removed. (Id.).

When Plaintiff put his hands through the tray slot, Defendant "Brewer pulled on the door, causing the door to smash [Plaintiff's] fingers between the tray door and the inside of [the] cell door." (Id.). Plaintiff screamed and pulled his fingers away. He told Defendant Brewer that Defendant Brewer had broken his fingers. (Id.). Brewer laughed and told Plaintiff to stick his hands through the slot so he could remove the handcuffs. (Id.). Plaintiff complied and the handcuffs were

2

removed.  (Id.).

Once Plaintiff looked at his bloody and swollen hands, he began hollering and telling Defendant Brewer that he needed to go to the infirmary.  (Id.).  "Defendant Brewer just stood in [his] window laughing[.]"  (Id.).  And Defendant Lindsey, who was looking down the tier, refused to help him.  (Id.). Plaintiff began yelling for them to get Lieutenant Bolar, but Defendant Brewer said that he would not do anything and walked away.  (Id.).

Plaintiff and other inmates started kicking their doors for about thirty minutes.  (Id.).  Then, Plaintiff yelled through his vent to the inmate on the tier below him and asked the inmate to get help.  (Id.).  All the while, Defendants Brewer and Lindsey continued showering other inmates.  (Id.).

After about fifteen minutes, Officer English came to Plaintiff's cell and Plaintiff told him what had happened.  (Id. at 4).  Officer English left, and about fifteen minutes later, Defendant Ammons appeared and stood across from Plaintiff's cell for about ten minutes talking to Defendants Brewer and Lindsey. (Id.).  Defendant Ammons then went to Plaintiff's cell, and Plaintiff told him what happened.  (Id.).  Defendant Ammons escorted Plaintiff to the infirmary.  (Id.).  On the way to the infirmary, they met Lieutenant Bolar, to whom Plaintiff

explained what had transpired and asked to see Investigation and Intelligence in order to file charges against Defendant Brewer. (Id.).   The nurses told Lieutenant Bolar that Plaintiff's fingers were broken and that he needed to go to a hospital. (Id.).  Later, Plaintiff was taken to the hospital where he told the doctor what happened and that his shoulder and hands were in extreme pain.   (Id).  After x-rays, the doctor told Plaintiff that his hand "was not broken, just smashed real bad and badly bruised[.]"  (Id.).  Plaintiff received a tetanus shot and some pain medicine.  (Id.).

With respect to the specific claims against Defendant Ammons, Plaintiff alleges that he failed to intervene to protect Plaintiff and "failed to train and supervise."  (Id. at 10). For facts to support his allegations against Defendant Ammons, Plaintiff refers the Court to the general narrative of the claims in this action.  (Id.).

For relief, Plaintiff seeks declaratory and injunctive relief, punitive damages in the amount of $100,000 from each Defendant, and the institution of assault charges.  (Id. at 11).

**II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2)(B).   Under § 1915(e)(2)(B)(i), a claim may be

4

dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original). But "[t]hreadbare recitals of the elements of a

5

cause of action, supported by mere conclusory statements, do not suffice." Id.  Furthermore, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937).  Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.  In addition, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

6

## III. Discussion.

### A.   Allegations Directed to Defendant Ammons.

In Plaintiff's descriptive narrative of his claims, Defendant Ammons is first mentioned on page 4 when Plaintiff states that Defendant Ammons appeared fifteen minutes *after* Officer English left his cell door.  (Doc. 1 at 4).  After arriving, Defendant Ammons first spoke with Defendants Brewer and Lindsey, and after ten minutes, he went to Plaintiff's door. (Id.).  Plaintiff told Defendant Ammons what happened and he escorted Plaintiff to the infirmary.  (Id.).  This is the extent of Plaintiff's factual allegations against Defendant Ammons.

### B.   Failure-to-Intervene Claim.

The facts, as alleged by Plaintiff, do not show that Defendant Ammons was present when Plaintiff's hand and shoulder were injured.  Yet, Plaintiff alleges that Defendant Ammons failed to intervene.  (Doc. 1 at 10).  The Court is unaware of any duty to intervene when one is not present during the incident or to intervene after the injury.  See Little v. Nelson, CA No. 12-00229-KD-B, 2012 WL 3637912, at *2 n.2 (S.D. Ala. Aug. 1, 2012) (unpublished) (ruling that "[t]he Court is not aware of any duty to act or intervene after a beating has taken place").  Rather, "an officer who is present at the scene and who fails to take reasonable steps to protect the victim of

7

another officer's use of excessive force, can be held personally liable for his nonfeasance." Crenshaw v. Lister, 556 F.3d 1283, 1293-94 (11th Cir. 2009) (quotation omitted). However, the "non-intervening officer [must be] in a position to intervene yet failed to do so." Id. at 1294. And, a failure-to-intervene claim appears to be only recognized when it is related to an excessive force violation. Roddy v. City of Huntsville, Ala., 947 F. Supp.2d 1271, 1300 (N.D. Ala. May 24, 2013) (unpublished), aff'd, 947 F.3d 1271 (11th Cir. 2013)(unpublished). Inasmuch as Defendant Ammons was not present when force was used, Plaintiff's claim for failure to intervene against Defendant Ammons is frivolous and is thus due to be dismissed with prejudice.

**C.  Claim for Failure to Train and to Supervise.**

Plaintiff's other claim against Defendant Ammons is for failure to train and to supervise. (Doc. 1 at 10). The complaint is devoid of any factual allegations regarding Plaintiff's failure to train and supervise claim except for his conclusory assertion of the claim. Plaintiff, however, is required to plead "a plain statement of the claim showing that [he] is entitled to relief." FED.R.CIV.P. 8(a). "The point is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Davis v. Coca-Cola Bottling Co.

8

Consolidated, 516 F.3d 955, 974 (11th Cir. 2008) (emphasis added)(quoting Twombly, 550 U.S. 544 (2007)).  Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555, 127 S.Ct. at 1964.  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.

A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" so the claim is facially plausible.  Id.  A claim that is not "plausible on it face" is subject to dismissal for failure to state a claim.  Id. "Plausibility requires more than 'a sheer possibility that a defendant has acted unlawfully[] . . . [and] 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Grider v. Cook, 590 F. App'x 876, 880 (11th Cir. 2014) (unpublished) (quoting Iqbal, supra).

In the action at hand, Plaintiff failed to plead any facts that support a claim for failure to train or supervise. Accordingly, this claim is frivolous as a matter of law and is thus due to be dismissed with prejudice.  See Kilgo v. Ricks, 983 F.2d 189, 194 (11th Cir. 1993) (dismissing as frivolous a claim against the prison commissioner because there were no

allegations of personal participation or a policy).

**D.  Claim for Delay in Medical Treatment.**

In his complaint, Plaintiff did not identify a claim for a delay in medical treatment as being a claim that he wants to pursue against Defendant Ammons; however, because Plaintiff is pro se, the Court is liberally construing his complaint and finds that his factual allegations tend to support such a claim. That is, Plaintiff alleges that Defendant Ammons spoke to Defendant Brewer and Lindsey for ten minutes before coming to his cell.  (Doc. 1 at 4)).   Then, Defendant Ammons escorted Plaintiff to the infirmary.  (Id.).

In order to state a claim under the Eighth Amendment, a plaintiff must allege a deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).   In order to prevail, "a plaintiff must show: '(1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'"  Jackson v. Capraun, 534 F. App'x 854, 857 (11th Cir. 2013) (unpublished) (quoting Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010) (alterations and quotation marks omitted). The deliberate indifference element of this claim requires: "(1) subjective knowledge of a risk of serious harm; (2) disregard of

that risk; (3) by conduct that is more than gross negligence." Id. (quotation omitted). And in the context of a claim for a delay in receiving medical treatment, a prisoner must show that he has suffered an increased physical injury due to the delay. Goebert v. Lee County, 510 F.3d 1312, 1327 (11th Cir. 2007). To make this showing, the Court will consider: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id.

The weaknesses in Plaintiff's delay of treatment claim is that Plaintiff did not allege an injury that he sustained as a result from the delay and he did not plead allegations that describe Defendant Ammons state of mind. Plaintiff's allegations are devoid of allegations showing that Defendant Ammons was aware of any risk of serious harm befalling Plaintiff if he first spoke to the two officers. Furthermore, Plaintiff acknowledges that Defendant Ammons' took him to the infirmary shortly after arriving and investigating the situation. Such action is not behavior that evinces deliberate indifference. See Jackson, 534 F. App'x at 857 (finding that the delay caused by the officer in filling out the arrest report and in helping in the arrest of two other people did not demonstrate disregard to plaintiff's back pain by conduct that was more than gross negligence). Considering that Plaintiff was already injured by

11

the time that Defendant Ammons arrived, and that the injury turned out not be as serious as Plaintiff thought, it does not appear that Plaintiff's injury increased on account of any delay.   Thus, Plaintiff has not stated a claim for delay in medical treatment claim against Defendant Ammons. Accordingly, this claim is due to be dismissed with prejudice.[1]

## IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that Defendant Ammons be dismissed with prejudice from this action, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), because Plaintiff's claims against him are either frivolous or fail to state a claim upon which relief can be granted.

<u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.   <u>See</u>

---

[1] The Court is foregoing a discussion of 42 U.S.C. § 1997e(e) as being another ground on which to dismiss Plaintiff's punitive damages claims against Defendants Ammons for delay of medical treatment.   Similarly, with respect to the delay in medical treatment claim, the request for declaratory and injunctive relief and assault charges would also be subject to being dismissed for a different reason, failure to state a claim.

28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this **7th** day of **April, 2015.**

**/s/ Sonja F. Bivins_____**
**UNITED STATES MAGISTRATE JUDGE**