IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARCUS PALMER, #209502,      *
                             *
    Plaintiff,         *
                             *
vs.                    *   CIVIL ACTION NO.: 14-00149-KD-B
                             *
OFFICER BREWER, *et al.*,    *
                             *
    Defendants.       *

<u>REPORT AND RECOMMENDATION</u>

This action, which was filed by Marcus Palmer, an Alabama state inmate, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. Upon review, it is recommended that this action be dismissed due to Plaintiff's failure to prosecute and comply with the Court's order.

Plaintiff Palmer filed this action pursuant to 42 U.S.C. § 1983 alleging excessive force by Officer Brewer and a failure to intervene and protect on the part of Officer Lindsay, who allegedly witnessed the excessive force occurring. (Doc. 1).  In their Answer and Special Report, Defendants Brewer and Lindsay argued that they are entitled to sovereign and qualified immunity, that the extent of the injury was minimal, that Officer Brewer did not use force on Plaintiff, and that Officer Lindsay did not have a realistic chance of preventing the alleged attack.[1] (Docs. 19, 20). Defendant's Answer and Special

---

[1] Plaintiff's claims against Defendant Ammons were dismissed prior

Report was converted into a motion for summary judgment on November 3, 2016. (Doc. 21). In the order converting Defendants' Answer and Special Report, Plaintiff was ordered to inform the Court in writing by December 8, 2016, if he desired to continue with this litigation, and he was cautioned that if he did not respond, the Court would consider him to have abandoned this action and would treat the motion for summary judgment as unopposed. (Doc. 21 at 4-5). Plaintiff was also provided an opportunity to respond to the motion for summary judgment by the December 8th deadline. (Id.).

To date, Plaintiff has not responded to the Court's Order, nor has his copy of the Order been returned to the Court[2]. Because it appears that Plaintiff has lost interest in this case, and due to his failure to comply with the Court's Order and to prosecute this action, it is recommended, upon consideration of the alternatives that are available to the Court, that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. Link v. Wabash R.R., 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(interpreting Rule 41(b) to not restrict the court's inherent authority to dismiss sua sponte

---

to service of process because Plaintiff's claims against Defendant Ammons were either frivolous or failed to state a claim upon which relief could be granted. (Docs. 5, 10).

[2] Plaintiff's last contact with the Court was in April 2015. (Doc. 9).

an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F. 3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F. 2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1983); Jones v. Graham, 709 F. 2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)(ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F. 2d 1536, 1545-46 (11th Cir. 1993)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993).

### Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); S.D. ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's

3

order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **6th** day of **January, 2017**

/S/SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**